NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-82

STATE OF LOUISIANA

VERSUS

MAYSON JAMES JOHN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-139-17
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.

APPEAL DISMISSED. COUNSEL'S REQUEST TO WITHDRAW IS GRANTED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Michael C. Cassidy, District Attorney
Stacey C. Naquin, Assistant District Attorney
Thirty-First Judicial District
P.O. Box 1388
Jennings, LA 70546-1388
(337) 824-1893
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
**MAYSON JAMES JOHN**

**PERRY, Judge.**

On May 14, 2018, Defendant-Appellant, Mayson James John, pled guilty to indecent behavior with a juvenile, a violation of La.R.S. 14:81. On the same date, Defendant-Appellant was sentenced to twenty years at hard labor, with all but sixteen years suspended, with the first two years to be served without benefit of parole, probation, or suspension of sentence, and with credit being given for time served. Upon the Defendant-Appellant's release, the trial court ordered that the Defendant-Appellant be placed on supervised probation for three years to run concurrently with his parole and mandated that he register as a sex offender for fifteen years.

On May 23, 2018, Defendant-Appellant filed a pro se "Motion to Reconsider[] Sentence," which was denied by the trial court on May 24, 2018. On November 6, 2019, Defendant-Appellant filed an application for post-conviction relief, which was denied by the trial court on November 19, 2019. On December 16, 2019, Defendant-Appellant filed a "Notice and Motion to Appeal Post[-]Conviction Relief." On December 17, 2019, the trial court granted Defendant-Appellant's motion and appointed the Louisiana Appellate Project to represent the Defendant-Appellant.

On January 30, 2020, this court lodged the appeal record. On February 7, 2020, this court issued a rule to show cause why the appeal should not be dismissed, as the judgment dismissing an application for post-conviction relief is not an appealable judgment. La.Code Crim.P. art. 930.6. On March 2, 2020, Defendant-Appellant's attorney filed "Appellant's Compliance with Order to Show Cause" with this court. Defendant-Appellant's attorney acknowledges the judgment at issue is not appealable, requests that Defendant-Appellant be allowed to file an application for supervisory writs within thirty days of the dismissal of the appeal, and seeks to

withdraw from the case as the appellate project is authorized to only handle felony appeals.

Therefore, we hereby dismiss Defendant-Appellant's appeal. However, Defendant-Appellant is hereby permitted to file a proper application for a supervisory writ of review of the trial court's denial of his application for post-conviction relief, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. COUNSEL'S REQUEST TO WITHDRAW IS GRANTED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
**Uniform Rules—Courts of Appeal, Rule 2–16.3.**